DLD-023                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2951
_____

EUGENE R. WILSON,
                                          Appellant

v.

CORRECTIONAL MEDICAL  SERVICES (C.M.S.); MS. IFILL, Administrator  Dir.
Medical Dept.; DR. NIRANJANA SHAH, M.D.; GWEN WYNN, R.N., C.M.S.;
BETHEA JEANE, R.N.,C.M.S.; ROSELEIN PROPHETE, R.N., C.M.S.; MS.
ESTHER,R.N., C.M.S.; MS. WHITE, Medical Odbunsman; MR. SETH, Pharmacy
preparation stock an Medication; NEW JERSEY DEPARTMENT OF CORRECTION;
BRUCE HAULK, N.S.P. Superintendant; IFILL ADMINISTRATOR, N.S.P. MEDICAL
DEPT.; JOHN HOCHBERG, M.D.; MICHAEL V. SMITH, O.C. PROVIDER C.M.S.;
JOHN DOES, (Ficitious Names, Real Names Unknown)
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 07-cv-5826)
District Judge:  Honorable William J. Martini
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

October 28, 2010

Before:  BARRY, FISHER and STAPLETON, Circuit Judges

(Opinion filed : November 10, 2010)

————————

OPINION

————————

PER CURIAM

Eugene R. Wilson, a New Jersey state prisoner, proceeding <u>pro</u> <u>se</u>, appeals from the District Court's grant of summary judgment to the defendants. Because the appeal presents no substantial question, we will summarily affirm.

Wilson filed a complaint in the United States District Court for the District of New Jersey alleging under both federal and state theories of liability that he was seriously and permanently injured by deficient medical care. The District Court granted Wilson's motion to proceed *in forma pauperis* and later granted his application for appointment of *pro bono* counsel. The District Court was unable to locate a *pro bono* attorney, however, and Wilson continued to represent himself. Defendants Correctional Medical Services, Niranjana Shah, M.D., Jean Betha, C.M.A., and Rosenleine Prophete, R.N. ("Medical Defendants") brought a motion to dismiss, arguing that Wilson had failed to exhaust available administrative remedies. The District Court granted the Medical Defendant's Motion to Dismiss as to all defendants and dismissed all state law claims without prejudice.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We may summarily affirm if the appeal presents no substantial question. <u>See</u> 3d Cir. L.A.R. 27.4;

2

I.O.P. 10.6.

III.

The District Court properly found that Wilson failed to exhaust administrative remedies before filing his complaint. Under the Prison Litigation Reform Act ("PLRA"), prisoners must first properly exhaust their administrative remedies before filing an action under section 1983. 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 83 (2006). The Medical Defendants demonstrated that Wilson failed to properly exhaust his administrative remedies, relying on a declaration by a prison official involved in processing inmate grievances and appeals, copies of the administrative grievance forms filed by Wilson, and Wilson's own admissions.

In order to comply with the PLRA, an inmate must exhaust all available administrative remedies, including intermediate or final administrative review of a prison's decision. Booth v. Churner, 532 U.S. 731 (2001). It appears from the record that Wilson filed numerous Inmate Request Forms ("IRFs") relating to the medical care (or lack thereof) he received in prison, but he failed to appeal their rejections.[1] Although Wilson explains that waiting for an appeal from the administration would have been "redundant or frivolous," the requirements of the PLRA must be met even where available administrative remedies are not "plain, speedy, and effective." Id. at 731. Having reviewed the record, we agree with the District Court's grant of summary

---

[1] Wilson did appeal a single, unrelated, IRF in March of 2009.

3

judgment to the defendants.

Wilson notes in his appeal that throughout this litigation he has represented himself *pro se*, despite the District Court's order appointing counsel. Although the District Court determined that Wilson's case was appropriate for counsel, courts have no authority to compel counsel to represent an indigent civil litigant. Tabron v. Grace, 6 F.3d 147, 154 n.1 (3d Cir. 1993) (citing Mallard v. United States District Court for the S. Dist. of Iowa, 490 U.S. 296 (1989)). Even if an attorney had volunteered to represent Wilson, nothing in the record indicates that there would have been a different outcome in the litigation. Under the New Jersey Administrative Code, inmates must submit an administrative appeal within ten days of the issuance of a decision.[2] N.J. Admin. Code § 10A:1-4.6. At the time Wilson filed his initial complaint, this period had already lapsed on all of the IRFs relevant to his claims; the assistance of counsel would have been insufficient for him to overcome this procedural bar.

As the appeal presents no substantial question, we will summarily affirm the District Court judgment. See 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6.

---

[2] We share the District Court's concern as to Wilson's argument that IRFs are not generally returned by prison officials. However this does not appear to have affected Wilson in this case because the applicable inmate handbook allows inmates to submit an Administrative Remedy Form if an IFR is not returned within thirty days of its receipt by the prison. Nothing in the record indicates that Wilson availed himself of this procedure.

4